LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs*
*and the Class*



**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

ZANDY REYES and ANDRE COSTA-KLEIN,
*on behalf of themselves, FLSA Collective Plaintiffs,*
*and the Class,*

        Plaintiffs,

        v.

SOFIA FABULOUS PIZZA CORP.;
SOFIA 61ST ST. CORP.;
SERAFINA BROADWAY LTD.;
SERAFINA 77 WEST LLC;
REGENCY RESTAURANT LLC;
SERAFINA MEATPACKING LTD.;
SOFIA 58TH ST. CORP.;
SERAFINA EAST HAMPTON CORP.;
SERAFINA WHITE PLAINS LLC;
VITTORIO ASSAF
    A/K/A VICTOR ASSAF
PASQUALE GRANATO
    A/K/A FABIO GRANATO,

        Defendants.

_____

Case No. 13-cv-7549

**FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT**

**Jury Trial Demanded**

      Plaintiffs ZANDY REYES and ANDRE COSTA-KLEIN ("Plaintiffs"), on behalf of themselves and others similarly situated, by and through their undersigned attorneys, hereby file this First Amended Class and Collective Action Complaint against Defendants, SOFIA FABULOUS PIZZA CORP., SOFIA 61ST ST. CORP., SERAFINA BROADWAY LTD.,

1

SERAFINA 77 WEST LLC, REGENCY RESTAURANT LLC, SERAFINA MEATPACKING LTD., SOFIA 58TH ST. CORP., SERAFINA EAST HAMPTON CORP., SERAFINA WHITE PLAINS LLC (together the "Corporate Defendants"), PASQUALE GRANATO A/K/A FABIO GRANATO and VITTORIO ASSAF A/K/A VICTOR ASSAF (together, the "Individual Defendants," and together with the Corporate Defendants, the "Defendants") and state as follows:

## INTRODUCTION

1. Plaintiffs allege pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et seq.* ("FLSA"), that they are entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime, (3) unpaid wages due to time shaving, (4) disgorgement of tips improperly allocated to non-tipped employees, (5) liquidated damages and (6) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL"), they are entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime, (3) unpaid wages due to time shaving, (4) disgorgement of tips improperly allocated to non-tipped employees, (5) unpaid call-in pay, (6) statutory penalties, (7) liquidated damages, and (8) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5.  Plaintiff, ZANDY REYES, is a resident of Queens County, New York.

6.  Plaintiff, ANDRE COSTA-KLEIN, is a resident of New York County, New York.

7.  The Defendants operate a restaurant enterprise using the common trade name "Serafina." There are nine locations of Serafinas in New York State[1]:

    a.  1022 Madison Ave., New York, NY 10021 ("Serafina Madison Ave.");

    b.  33 E. 61st St., New York, NY 10021 ("Serafina 61st St.");

    c.  218 W. 55th St., New York, NY 10019 ("Serafina Broadway");

    d.  2178 Broadway, New York, NY 10024 ("Serafina Upper West");

    e.  224 W. 49th St., New York, NY 10019 ("Serafina Time Hotel");

    f.  7 Ninth Ave., New York, NY 10011 ("Serafina Meatpacking");

    g.  38 E. 58th St., New York, NY 10022 ("Serafina 58th St.");

    h.  102 N. Main St., Easthampton, NY 11937 ("Serafina East Hampton"); and

    i.  199 Main St., White Plains, NY 10601 ("Serafina White Plains").

Collectively, the restaurants listed above are referred to herein as the "Serafina Restaurants." Each of the above businesses is advertised jointly as a single integrated enterprise on Defendants' websites located at serafinarestaurant.com and serafinarestaurantgroup.com. Employees, food, and supplies were freely interchangeable among the nine locations. Each of the Serafina Restaurants share a common look and feel, use the same logos, and food items served are similar. Employees at the Serafina Restaurants are all provided the same "Staff Handbook" and all Serafina Restaurants operate under the same wage and hour policies as established by the Individual Defendants.

---

[1] Serafina also has locations nationally in Philadelphia and Miami, as well as worldwide locations in Tokyo, Seoul, Mumbai, Sao Paulo, and Moscow.

8.  Corporate Defendants:

    a.  SOFIA FABULOUS PIZZA CORP. is a business corporation organized under the laws of the State of New York. SOFIA FABULOUS PIZZA CORP. controls Serafina Madison Ave. Its principal place of business is located at 1022 Madison Avenue, New York, NY 10021. Its address for service of process is c/o Zvi Zer, Esq. 319 5th Ave., 3rd Floor, New York, NY 10016;

    b.  SOFIA 61ST ST. CORP. is a business corporation organized under the laws of the State of New York. SOFIA 61ST ST. CORP. controls Serafina 61st St. Its principal place of business is located at 33 E. 61st St., New York, NY 10021. Its address for service of process is c/o Pasquale Granato, 19 Christopher St., 1C, New York, NY 10014;

    c.  SERAFINA BROADWAY LTD. is a business corporation organized under the laws of the State of New York. SERAFINA BROADWAY LTD. controls Serafina Broadway. Its principal place of business is located at 218 W. 55th St., New York, NY 10019. Its address for service of process is c/o Robert N. Swetnick, 2217 Broadway, Suite 304, New York, NY 10007;

    d.  SERAFINA 77 WEST LLC is a limited liability company organized under the laws of the State of New York. SERAFINA 77 WEST LLC controls Serafina Upper West. Its principal place of business is located at 2178 Broadway, New York, NY 10024. Its address for service of process is c/o Mark D. Mermel Esq., 2001 Marcus Ave., Suite W180, Lake Success, NY 11042;

    e.  REGENCY RESTAURANT LLC is a limited liability company organized under the laws of the State of New York. REGENCY RESTAURANT LLC controls Serafina Time Hotel. Its principal place of business is located at 224 W. 49th St.,

4

New York, NY 10019. Its address for service of process is c/o Szegda & Gerbin, 300 E. 42nd St., New York, NY 10017;

f.    SERAFINA MEATPACKING LTD. is a limited liability company organized under the laws of the State of New York. SERAFINA MEATPACKING LTD. controls Serafina Meatpacking. Its principal place of business is located at 7 Ninth Ave., New York, NY 10011. Its address for service of process is c/o Eaton & Van Winkle, ATTN Robert Swetnick, 3 Park Ave., 16th Floor, New York, NY 10016;

g.    SOFIA 58TH ST. CORP. is a business corporation organized under the laws of the State of New York. SOFIA 58TH ST. CORP. controls Serafina 58th St. Its principal place of business is located at 38 E. 58th St., New York, NY 10022. Its address for service of process is c/o Kenneth Magida, 10 Cuttermill Road, Great Neck, NY 11021;

h.    SERAFINA EAST HAMPTON CORP. is a business corporation organized under the laws of State of New York. SERAFINA EAST HAMPTON CORP. controls Serafina East Hampton. Its principal place of business is located at 102 N. Main St., Easthampton, NY 11937. Its address for service of process is c/o Eaton & Van Winkle, ATTN Robert Swetnick, 3 Park Ave., 16th Floor, New York, NY 10016; and

i.    SERAFINA WHITE PLAINS LLC is a limited liability company organized under the laws of the State of New York. SERAFINA WHITE PLAINS LLC controls Serafina White Plains. Its principal place of business is located at 100 Main St., White Plains, NY 10601. Its address for service of process is c/o Louis R. Capelli, 115 Stevens Ave., Valhalla, NY 10595.

9. Individual Defendants:

    a.  PASQUALE GRANATO is the Chief Executive Officer of SOFIA 61ST ST. CORP. and SOFIA 58TH ST. CORP. He is also an executive officer, member and/or principal of all other Corporate Defendants;

    b.  VITTORIO ASSAF is an executive officer, member, and/or principal of all Corporate Defendants;

10. Both Individual Defendants make operational decisions (including payroll and wage and hour policies) concerning all Serafina Restaurants jointly. Both Individual Defendants frequent each of the Serafina Restaurants and will direct and supervise employees while they are there. They hire all the managers of each Serafina Restaurant and have ultimate authority over staffing, payroll and all wage and hour policies at the Serafina Restaurants. For example, when either of the Individual Defendant observes that an employee at any Serafina Restaurant is performing poorly, they will rebuke them and correct any inadequacy in the service provided by staff to customers. The Individual Defendants will also frequently eat at each of the Serafina Restaurants but never leave a tip for waitstaff who are serving them.

11. All Individual Defendants exercised direct control over the Plaintiffs, FLSA Collective Plaintiffs and Class members. They exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules, and (iv) otherwise affect the quality of employment of Plaintiffs, the FLSA Collective Plaintiffs and the Class members. They also exercised the power and authority to hire, fire, supervise, and control supervisors of Plaintiffs, the FLSA Collective Plaintiffs and the Class members.

12. At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

13. At all relevant times, the work performed by Plaintiffs, FLSA Collective Plaintiffs, and Class members was directly essential to the business enterprise operated by Defendants.

14. Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiffs, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay them a reasonable fee for their services.

<u>FLSA COLLECTIVE ACTION ALLEGATIONS</u>

15. Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt tipped employees, including delivery persons, runners, bussers, waiters, barbacks and bartenders employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

16. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them their minimum wages in the lawful amount for hours worked. Defendants were not entitled to take any tip credits under the FLSA, because they failed to satisfy all statutory requirements for taking a tip credit. In addition, Defendants failed to provide compensation for off the clock work, including any overtime premium what would have been due when off the clock work, together with regular hours, exceeded 40 hours per week. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

17. Defendants further instituted a policy of time shaving for all non-exempt employees. Defendants did not use a time clock or any other means of accurately measuring how long their employees had worked until May 1, 2013. Defendants then purposefully under-reported their

7

employees' time on employees' pay stubs and in their records, thus failing to compensate Plaintiffs and FLSA Collective Plaintiffs for all hours worked. Defendants also failed to pay Plaintiffs and FLSA Collective Plaintiffs compensation for time spent on pre-shift meetings, training, and monthly team meetings.

18. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

19. Plaintiffs bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of non-exempt tipped employees, including delivery persons, runners, bussers, waiters, barbacks and bartenders employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

20. All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

21. The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

22. Plaintiffs' claims are typical of those claims that could be alleged by any member of the Class and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

23. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

24. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will

be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

25. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

26. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendants employed Plaintiffs and the Class within the meaning of the New York law;

    b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

d) Whether Defendants properly notified Plaintiffs and the Class members of their proper hourly rate and overtime rate, and how such rates were derived;

e) Whether Defendants fulfilled all statutory requirements for claiming a tip credit, and particularly whether they:

    i. Provided proper wage statements informing members of the Class the amount of tip credit taken for each pay period;

    ii. Caused Class members to pool their tips and/or establish the policies of the tip pool;

    iii. Allowed non-tipped employees to share in the tip pool;

    iv. Claimed the proper amount of tip credit allowance under the New York Labor Law; and

    v. Maintained daily tip records for tipped employees.

f) Whether Defendants properly compensated Plaintiffs and Class members for overtime under state and federal law;

g) Whether Defendants failed to properly compensate Plaintiffs and Class members for all their hours worked due to a policy of time shaving and failing to correctly track the hours worked by Plaintiffs and Class members;

h) Whether Defendants provided proper compensation to Plaintiffs and Class members for time spent on pre-shift meetings, training, and monthly team meetings;

i) Whether Defendants caused Plaintiffs and Class members to leave work early and not compensate them for their call-in pay;

j)   Whether Defendants are required to disgorge the amount of tips unlawfully allocated to non-tipped employees during the relevant statutory period;

k)   Whether Defendants provided proper wage and hour notice, at date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law; and

l)   Whether Defendants provided proper wage statements with each payment of wages as required by New York Labor Law.

## STATEMENT OF FACTS

27. Plaintiff ZANDY REYES was hired by Defendants to work as a busboy at Serafina 61st St. in or around September 2011. Plaintiff REYES's employment at Serafina 61st St. terminated in August 2013.

28. At all times during his employment by Defendants, Plaintiff REYES regularly worked over forty (40) hours per week. Specifically, Plaintiff REYES had a regular weekly work schedule of 10:00 A.M. until 12:00 A.M. three days per week, 10:00 A.M. until 4:00 P.M. one day per week, and 4:00 P.M. until 12:00 A.M. one day per week.

29. At all times during his employment by Defendants, Plaintiff REYES was paid at a base hourly rate of $5.00 per hour.   At all times, tipped employees at all of the Serafina Restaurants were paid below the prevailing minimum wage although Defendants were claiming an invalid tip credit.

30. Plaintiff ANDRE COSTA-KLEIN was hired by Defendants to work as a waiter at the Serafina Restaurant located at 2178 Broadway, New York, New York, in or around May 2012. His employment ended in or about September 2013.

31. For the first eight months of his employment by Defendants, Plaintiffs COSTA-KLEIN regularly worked 38 hours per week.  Thereafter, he worked 24 hours per week.

32. At all times during his employment by Defendants, Plaintiff COSTA-KLEIN was paid at a base hourly rate of $5.00 per hour. At all times, tipped employees at all of the Serafina Restaurants were paid below the prevailing minimum wage because Defendants were claiming an invalid tip credit.

33. During 2012 and 2013, Defendants began to install time clocks to record the hours worked by employees. Prior to the installation of time clocks, the hours worked by Plaintiff REYES, FLSA Collective Plaintiffs and Class members were not properly tracked. Based on Plaintiff REYES's estimates and his conversations with other employees who had worked at other Serafina Restaurants, the weekly shortfall in hours worked by him, FLSA Collective Plaintiffs and Class members were approximately 5 hours per week. With respect to Plaintiff COSTA-KLEIN, a time clock had already been installed when he started work at the Serafina Restaurant located at 2178 Broadway, New York, New York.

34. Prior to the installation of time clocks, Plaintiff Reyes, FLSA Collective Plaintiffs and the Class, were improperly deducted 15 minutes for meal time when they worked a six hour shift.

35. In addition to not paying Plaintiffs, FLSA Collective Plaintiffs, and the Class for all of their actual hours worked due to Defendants' policy of time shaving at all of the Serafina Restaurants, Plaintiffs, FLSA Collective Plaintiffs, and the Class were not compensated for (i) 18 hours of training time at the beginning of their employment (three shifts of 6 hours each) and (ii) time spent in team meetings (two hours monthly) and pre-shift meetings (30 minutes daily).

36. At all relevant times, Defendants paid Plaintiffs, FLSA Collective Plaintiffs, and Class members at hourly rates below the standard minimum wage.

37. At all relevant times, Plaintiffs, FLSA Collective Plaintiffs and Class members, were required to spend two hours or more than 20% of their work days engaging in non-tipped work, such as cleaning the restaurant, sanitizing kitchen equipment, and cleaning the kitchen.

38. Plaintiffs, FLSA Collective Plaintiffs, and Tipped Subclass members were required by Defendants to participate in an invalid "tip pooling" scheme. Defendants did not inform tipped employees of the amount of tips received on any given day. At all times, the tip-pooling scheme was controlled by Defendants, and not agreed to by tipped employees.

39. The "tip pooling" scheme at Serafina Restaurants was established by the Defendants and was the same for each Serafina Restaurant. Tips were distributed based on a percentage system by which waiters would give a small portion of their tips to busboys, runners and porters. Tipped employees did not agree to this tip-sharing system. Managers at each Serafina Restaurant also participated in the tip pool by taking $30 per night. For example, the manager named Luigi at 2178 Broadway would take $30 per night in tips even though he was not providing any serving to dining-in customers. Based on conversations with other tipped employees transferred to the location where Plaintiffs were working, they understood this was a common policy at all Serafina Restaurants.

40. Porters also participated in the tip pool and were given $10 by each waiter each evening even though they were never involved with servicing dining-in customers. Based on conversations with other tipped employees transferred to the location where Plaintiffs were working, they understood this was a common policy at all Serafina Restaurants. Defendants must disgorge such tips that were improperly allocated to non-tipped employees during the relevant statutory period.

41. Defendants had no system for recording how many hours their employees worked until 2012 and 2013, when they installed time clock systems throughout the Serafina

Restaurants. Prior to that, Defendants purposefully under-reported the number of hours worked by Plaintiffs, FLSA Collective Plaintiffs and Class members. This time-shaving policy was instituted knowingly and willfully to evade New York State and Federal law.

42. When any of the Serafina Restaurants were not busy, Plaintiffs, FLSA Collective Plaintiffs and Class members were informed to go home, and they did not receive their call-in pay. Such instances occurred approximately twice a month for each employee.

43. At no time during the relevant time periods did Defendants provide Plaintiffs or Class members with proper wage notices or wage statements as required under the New York State Wage Theft Prevention Act ("WTPA"). No employee received a wage notice satisfying the requirements of the WTPA at hiring or at any time thereafter. The wage statements provided to employees violate the WTPA because they do not accurately reflect (i) hours worked by Plaintiffs and Class members and (ii) the actual tips that would have been earned by employees but for improper disgorgement to other non-tipped employees.

44. The hourly rate listed in wage statements to Plaintiffs, FLSA Collective Plaintiffs and Class members violate the WTPA because they all say $5.00 (or lesser statutory rates for earlier periods) when the hourly rate is the prevailing minimum rate -- not the minimum wage rate minus the tip credit. To be accurate, wage statements given to Plaintiffs, FLSA Collective Plaintiffs and Class members must show (i) their rate as the minimum wage rate, and then a separate line item showing the amount of deduction taken as a tip credit and (ii) the total amount of tip credit allowance being claimed by Defendants during each pay period. The wage statements are also further inaccurate because the rate provided for the spread of hours payment is inaccurately written as $5.00, when it should be $7.25.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

45.    Plaintiffs realleges and reavers Paragraphs 1 through 44 of this class and collective action Complaint as if fully set forth herein.

46. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).  Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

47. At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of the FLSA.

48. At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.00.

49. At all relevant times, the Defendants had a policy and practice of failing to pay the statutory minimum wage to Plaintiffs, and FLSA Collective Plaintiffs by willfully and purposefully paying them hourly wages below the minimum wage. They were not permitted to do so because they did not provide proper notice to Plaintiffs and FLSA Collective Plaintiffs that they were taking a tip credit (including notice in their native language in the case of non-English speakers).

50. At all relevant times, the Defendants also engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek. This violation was willful in that Defendants knew or should have known that such was due.

51. Defendants willfully violated Plaintiffs and Class members' rights by instituting a

policy of time shaving. Defendants did not use any time clock or other time recording device and purposefully underreported hours worked until May 1, 2013. In doing so, Defendants willfully deprived Plaintiffs and FLSA Collective Plaintiffs of their lawfully earned wages.

52. Plaintiffs is in possession of certain records concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs. Further records concerning these matters should be in the possession and custody of the Defendants. Plaintiffs intends to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

53. Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under the FLSA.

54. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

55. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages and unpaid overtime wages, plus an equal amount as liquidated damages.

56. Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW

57. Plaintiffs reallege and reaver Paragraphs 1 through 56 of this first amended class and collective action Complaint as if fully set forth herein.

58. At all relevant times, Plaintiffs and Class members were employed by the Defendants

within the meaning of the New York Labor Law, §§2 and 651.

59. At all relevant times, the Defendants also engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and Class members for their hours worked in excess of forty hours per workweek. This violation was willful in that Defendants knew or should have known that such was due.

60. Defendants failed to properly notify employees of their hourly pay rate and overtime rate, in direct violation of the New York Labor Law.

61. At all relevant times, the Defendants had a policy and practice of failing to pay the statutory minimum wage to Plaintiffs and Class members for their hours worked.

62. Defendants willfully and purposefully paid tipped employees hourly wages that fell at or below the New York State tipped minimum wage. Although Defendants claimed a tip credit allowance, they were not entitled to do so because they failed to meet statutory requirements.

63. Defendants willfully violated Plaintiffs' and Class members' rights by instituting a policy of time shaving. Defendants did not use any time clock or other time recording device and purposefully underreported hours worked. In doing so, Defendants willfully deprived Plaintiffs and Class members of their lawfully earned wages.

64. Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law.

65. Defendants failed to provide proper wage statements with every payment as required by New York Lab. Law § 195(3).

66. Due to the Defendants' New York Labor Law violations, Plaintiffs and Class members are entitled to recover from Defendants their unpaid overtime, unpaid wages, damages for unreasonably delayed payments, damages representing unlawful deductions from wages,

damages representing unpaid reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiffs on behalf of themselves, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

    a.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.   An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.   An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d.   An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

e.   An award of unpaid wages due to time-shaving;

f.   An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wage pursuant to 29 U.S.C. § 216;

g.   An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wage pursuant to the New York Labor Law;

h.   An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

i.   An award of disgorgement of tips for tips unlawfully allocated to non-tipped employees during the statutory period;

j.   Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

k.   Designation of this action as a class action pursuant to F.R.C.P. 23;

l.   Designation of Plaintiffs as a Representatives of the Class; and

m.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: January 17, 2014

                             Respectfully submitted,

                             LEE LITIGATION GROUP, PLLC
                             C.K. Lee (CL 4086)
                             30 East 39th Street, Second Floor
                             New York, NY 10016
                             Tel.: 212-465-1188
                             Fax: 212-465-1181

By:_____
          C.K. LEE (CL 4086)